ADAM N. BARASCH (State Bar No. 158220)
BERNARD J. KORNBERG (State Bar No. 252006)
JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile:  (415) 956-0439
email: anb@severson.com

Attorneys for Secured Creditor
ALLY FINANCIAL

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br>SCOTT BEARDEN,<br><br>    Debtor(s), | Case No. 6:16-bk-13124-MJ<br><br>Chapter 13<br><br>Date:   5/23/2016<br>Time:  1:30 PM<br>Judge: Hon. Meredith Jury<br>Place:  3420 Twelfth Street<br>         Court Room 301<br>         Riverside, CA 92501 |

**OBJECTION OF ALLY FINANCIAL TO CONFIRMATION OF PLAN**

TO THE DEBTOR, DEBTOR'S ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Ally Financial (hereinafter "Secured Creditor") objects to the Chapter 13 Plan (hereinafter "Plan") of the above captioned debtor(s) (hereinafter "Debtor") for the following reasons:

**STATEMENT OF FACTS:**

Secured Creditor has a perfected security interest in Debtor's 2011 Kia Optima Vehicle Identification No. KNAGN4A71B5116331 (hereinafter "Vehicle") pursuant to a Motor Vehicle Contract & Security Agreement dated 9/22/2013, (hereinafter "Contract") entered into between Debtor and Secured Creditor. Upon execution of the Contract Debtor was obligated to pay Secured Creditor $21,415.00 at an annual percentage rate of 8.85% over 72 monthly payments of

1  $385.77.

2  The net payoff under the Debtor's Contract, as of the petition date, was $16,336.20 and
3  the Debtor's Plan proposes to value the Vehicle at $10,500.00, payable at 4.50% with a monthly
4  payment $387.08.

**THE PLAN'S PROPOSED VEHICLE VALUE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325(a)(5)(B)(ii)**

7  Secured Creditor objects to confirmation of Debtors' Plan on the grounds that paying only
8  $10,500.00 towards Secured Creditor's claim on the Vehicle fails to provide Secured Creditor
9  with the full value of its claim in violation of 11 U.S.C. § 1325(a)(5)(B)(ii).  Section 506(a)
10 provides that value with respect to personal property securing an allowed claim shall be
11 determined based on the replacement value of such property as of the date of the filing of the
12 petition.  With respect to property acquired for personal, family, or household purposes,
13 replacement value shall mean the price a retail merchant would charge for property of the kind
14 considering the age and condition of the property at the time value is determined.  11 U.S.C.
15 §506(a)(2).

16 The NADA Official Used Car Guide retail value is $15,600.00 for a vehicle of like make,
17 model, and condition.  A copy of the applicable NADA Official Used Car Guide printout is
18 attached hereto as <u>Exhibit A</u>.  In this case, the type of Debtor and nature of the collateral point to
19 the NADA Official Used Car Guide as the best indicator of the Vehicle's replacement (market)
20 value. The Debtor is an individual who proposes to retain the Vehicle for personal use.  The
21 Debtor's replacement (market) value of the Vehicle will be determined by the retail market places
22 where individuals purchase automobiles for such personal use.  Secured Creditor contends that
23 the NADA Official Used Car Guide retail value, which is $15,600.00 for this Vehicle, supplies
24 the best evidence of such market place.  Therefore, in order to confirm the Plan over Secured
25 Creditor's objection, the Plan must provide for a collateral value of Secured Creditor's claim in
26 the full amount of at least $15,600.00.

27
28

**THE PLAN'S PROPOSED INTEREST RATE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325(a)(5)(B)(ii)**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that the 4.50% interest scheduled to be paid towards Secured Creditor's claim on the Vehicle is in violation of 11 U.S.C. § 1325(a)(5)(B)(ii). In a ruling by the Supreme Court, the court held that §1325(a)(5)(B) does not require that the terms of the cram down loan match the terms to which the debtor and creditor agreed prebankruptcy, nor does it require that the cram down terms make the creditor subjectively indifferent between present foreclosure and future payment." *Till v. SCS Credit Corp.*, 541 U.S. 465, 476 (2004). The court ruled that the formula approach is the correct method for determining the cram down rate of interest on the secured value of a vehicle being paid through a Chapter 13 Plan. This approach looks to the national prime rate and requires the bankruptcy court to adjust this rate upwards to compensate the creditor for the "greater risk of nonpayment" bankruptcy debtors frequently pose. The factors to review in determining the adjustment to the national prime rate of interest include the estate's circumstances, the security's nature, and the reorganization plan's duration and feasibility.

In this particular case, the Vehicle is a rapidly depreciating asset. Secured Creditor requests that the Court's formula approach should look to the national prime rate, which was 3.25% at the time of Debtor's petition, and adjust that rate upward by at least 3% in order for Secured Creditor to receive 6.25% interest on its claim. This prime-plus rate of 6.25% would compensate Secured Creditor for the greater risk of nonpayment that Debtor now poses.

**CONCLUSION:**

WHEREFORE, Secured Creditor respectfully requests that the Court sustain its objection(s) and deny confirmation of Debtor's proposed Plan. Alternatively, Secured Creditor requests the Court order that:

1. The Debtor's Plan be amended to provide for Secured Creditor's claim to be secured in the amount of at least $15,600.00;

2. The Debtor's Plan be amended to provide for Secured Creditor to receive at least

1  the 6.25% interest on its secured claim from the effective date of the Debtor's Plan;

2      3.    Secured Creditor be awarded its reasonable attorneys' fees and costs incurred in

3  protecting its security interest by objecting to the Debtor's proposed Plan; and

4      4.    Secured Creditor be afforded such further relief as this Court deems necessary and

5  proper.

6

7  DATED:  May 2, 2016.

8                                    SEVERSON & WERSON, P.C.

9
                                     By:  /s/ Adam N. Barasch
10                                   Adam N. Barasch / Bernard J. Kornberg

11                                   Attorneys for Ally Financial

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO CONFIRMATION OF PLAN  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 2, 2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chapter 13 Trustee:  Rod (MJ) Danielson (TR)     notice-efile@rodan13.com
Attorney for Debtor:  Randolph Ramirez     Randolph.Ramirez@yourlegalneeds.net
United States Trustee  (RS)     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 2, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Judge:<br>The Honorable Meredith A. Jury<br>U.S. Bankruptcy Court<br>3420 Twelfth Street, Suite 325<br>Riverside, CA 92501 | Debtor:<br>Scott Bearden<br>4727 Sierra Vista Ave<br>Riverside, CA 92505 |
|---|---|

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 2, 2016 | Christopher A. Siacotos | */s/ Christopher A. Siacotos* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

17000.4320/7490951.1